Robert P. Goe (State Bar No. 137019)
Marc C. Forsythe (State Bar No. 153854)
Elizabeth A. LaRocque (State Bar No. 219977)
GOE & FORSYTHE, LLP
18101 Von Karman Avenue, Suite 510
Irvine, CA 92612
Telephone:    (949) 798-2460
Facsimile:    (949) 955-9437
E-mail:    rgoe@goeforlaw.com
            mforsythe@goeforlaw.com
            elarocque@goeforlaw.com

Proposed Attorneys for Debtor and Debtor in Possession,
Rafik Youssef Kamell

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>RAFIK YOUSSEF KAMELL,<br><br>Debtor and Debtor-in-Possession | Case No. 8:10-bk-15501-TA<br><br>Chapter 11 Proceeding<br>converted from Chapter 7<br><br>**APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION FOR AUTHORITY TO EMPLOY GOE & FORSYTHE, LLP, AS CHAPTER 11 GENERAL BANKRUPTCY COUNSEL; DECLARATION OF ROBERT P. GOE IN SUPPORT THEREOF**<br><br>[NO HEARING REQUIRED] |

**RAFIK YOUSSEF KAMELL**, Debtor and Debtor in possession herein (referred to as "Applicant" or "Debtor"), for the proposed Chapter 11 estate in the above-referenced bankruptcy case, hereby apply to this Court for an order authorizing Debtor to employ Goe & Forsythe, LLP, (the "Firm") as Debtor's general bankruptcy counsel, pursuant to the provisions of 11 U.S.C. Section 327 and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.  In support thereof, the Applicant respectfully represents as follows:

1

1. The Petition commencing this case was a Chapter 7 case filed April 27, 2010. Debtor requested that this case be converted from Chapter 7 to Chapter 11. See Declaration of Robert P. Goe ("Goe Declaration"), ¶ 2, attached hereto and incorporated herein by this reference.

2. Applicant, who is the Debtor and Debtor-in-Possession in the Chapter 11 case, has requested the Firm to represent him in the Chapter 11 proceeding. Goe Declaration, ¶ 3.

3. An Order converting the case to a case under Chapter 11 was entered September 7, 2010. Goe Declaration, ¶ 4.

4. The Firm will render services to Debtor at the Firm's regular hourly rates, which may be subject to adjustment in the future. Goe Declaration, ¶ 5.

5. The Firm is comprised of attorneys who specialize in insolvency, bankruptcy and corporate reorganization and is well qualified to represent Debtor in proceedings of this nature. All attorneys comprising or associated with the Firm who will render services in this case are duly admitted to practice law in the Courts of the State of California and in the United States District Court for the Central District of California. Goe Declaration, ¶ 6.

6. Debtor requires the services of the Firm to render the following types of professional services:

A. To advise and assist Debtor with respect to compliance with the requirements of the United States Trustee;

B. To advise Debtor regarding matters of bankruptcy law, including the rights and remedies of Debtor in regards to its assets and with respect to the claims of creditors;

C. To represent Debtor in any proceedings or hearings in the Bankruptcy Court and in any action in any other court where Debtor's rights under the Bankruptcy Code may be litigated or affected;

2

      D.      To conduct examinations of witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, and pleadings related to the Chapter 11 case;

      E.      To advise Debtor concerning the requirements of the Bankruptcy Court and applicable rules as the same affect Debtor in this proceeding;

      F.      To assist Debtor in negotiation, formulation, confirmation, and implementation of a Chapter 11 plan of reorganization;

      G.      To make any bankruptcy court appearances on behalf of Debtor; and

      H.      To take such other action and perform such other services as Debtor may require of the Firm in connection with the Chapter 11 case.

      7.      Prior to the conversion of the case, the Firm received $15,000.00, which was paid by Debtor.  Goe Declaration, ¶ 8.

      8.      The Firm's retainer agreement requests payment of the Firm's fees and costs on a monthly basis once its retainer is exhausted.   In accordance with the provisions of the U. S. Trustee Fee Guide, the Firm will file monthly with the U. S. Trustee a copy of the Firm's monthly invoice (the "Fee Notice") with respect to fees for professional services rendered to the Debtor, and for reimbursement of expenses incurred on behalf of Debtor, and will serve copies of the Fee Notice upon the Debtor, upon the creditors holding the twenty largest general unsecured claims in the Debtor's case, and upon those parties who request special notice in the Debtor's case.  If no objection to the Fee Notice is filed and served within ten (10) days after the service of the Fee Notice, the Debtor will pay to the Firm the amount of fees and costs represented by that monthly invoice without further notice, hearing, or order of the Court.  If a written objection to the Firm's Fee Notice is filed by a party-in-interest, the objecting party and the Firm will attempt to resolve such objection consensually.  If such objection cannot be resolved consensually, no payment of the disputed amount of the Fee Notice will be paid to the Firm until the objection has been

resolved by the Court.  Any failure to serve timely an objection to a Fee Notice will be deemed to be a waiver of any objection to the payment of the fees and costs requested by such Fee Notice, but will <u>not</u> be deemed to be a waiver of any objection to the allowance by the Court of such fees and costs.   Goe Declaration, ¶ 9.

9. In the event the Firm seeks payment from the bankruptcy estate, the Firm intends to apply to this Court for compensation in conformity with Bankruptcy Code §§ 328, 330, and 331 and understands that its compensation will be subject to the approval of the Court.   Goe Declaration, ¶ 10.

10. To the best of Debtor's knowledge neither the Firm nor any of the attorneys comprising or employed by it, have any connection with Debtor, Debtor's accountant, Debtor's creditors, any other party in interest, or its respective attorneys or accountants. Goe Declaration, ¶ 11.

11. The Firm is a disinterested person within the meaning of 11 U.S.C. § 101(14). Furthermore, the Firm does not have an interest adverse to Debtor's estate in accordance with 11 U.S.C. §327.  Goe Declaration, ¶ 12.

12. None of the attorneys comprising or employed by the Firm is related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed in the Office of the United States Trustee.  Goe Declaration, ¶ 13.

13. Debtor believes that the employment of the Firm on the terms and conditions set forth above is in the best interests of Debtors' estate. Goe Declaration, ¶ 14.

/ / /

/ / /

/ / /

4

WHEREFORE, Debtor prays that the Court enter its Order as follows:

1. Immediately authorizing Debtor, based upon the foregoing and pursuant to 11 U.S.C. §327 and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, to employ the Firm as its general bankruptcy counsel, with compensation to be in accordance with the terms set forth herein; and

2. Granting such other and further relief as the Court deems just and appropriate.

DATED: _____          RAFIK YOUSSEF KAMELL
                                      Debtor and Debtor-in-Possession herein


                                      _____
                                      Rafik Youssef Kamell

Respectfully presented by:
**GOE & FORSYTHE, LLP**

By: /s/Robert P. Goe
    Robert P. Goe
    Proposed Attorneys for Debtor and
    Debtor-in-Possession

# **DECLARATION OF ROBERT P. GOE**

I, Robert P. Goe, declare and state:

1. The matters stated herein are true and correct and within my own personal knowledge and belief. I am member of the law firm of Goe & Forsythe (the "Firm").

2. The Petition commencing this case was a Chapter 7 filed April 27, 2010; however, Debtor requested that this case be converted from Chapter 7 to Chapter 11.

3. Applicant, who is the Debtor and Debtor-in-Possession in this Chapter 11 case, has requested the Firm to represent it in the Chapter 11 proceeding.

4. An Order converting the case to a case under Chapter 11 was entered September 7, 2010.

5. The Firm will render services to Debtor at the Firm's regular hourly rates, which may be subject to adjustment in the future.

6. The Firm is comprised of attorneys who specialize in insolvency, bankruptcy and corporate reorganization and is well qualified to represent Debtor in proceedings of this nature. All attorneys comprising or associated with the Firm who will render services in this case are duly admitted to practice law in the Courts of the State of California and in the United States District Court for the Central District of California.

7. Debtor requires the services of the Firm to render the following types of professional services:

A. To advise and assist Debtor with respect to compliance with the requirements of the United States Trustee;

B. To advise Debtor regarding matters of bankruptcy law, including the rights and remedies of Debtor in regards to its assets and with respect to the claims of creditors;

C. To represent Debtor in any proceedings or hearings in the Bankruptcy Court and in any action in any other court where Debtor's rights under the Bankruptcy Code may be litigated or affected;

D. To conduct examinations of witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, and pleadings related to this Chapter 11 case;

E. To advise Debtor concerning the requirements of the Bankruptcy Court and applicable rules as the same affect Debtor in this proceeding;

F. To assist Debtor in negotiation, formulation, confirmation, and implementation of a Chapter 11 plan of reorganization;

G. To make any bankruptcy court appearances on behalf of Debtor; and

H. To take such other action and perform such other services as Debtor may require of the Firm in connection with this Chapter 11 case.

8. Prior to the conversion of the case, the Firm received $15,000.00, which has been paid by the Debtor.

9. The Firm's retainer agreement requests payment of the Firm's fees and costs on a monthly basis once its retainer is exhausted. In accordance with the provisions of the U. S. Trustee Fee Guide, the Firm will file monthly with the U. S. Trustee a copy of the Firm's monthly invoice (the "Fee Notice") with respect to fees for professional services rendered to the Debtor, and for reimbursement of expenses incurred on behalf of Debtor, and will serve copies of the Fee Notice upon the Debtor, upon the creditors holding the twenty largest general unsecured claims in the Debtor's case, and upon those parties who request special notice in the Debtor's case. If no objection to the Fee Notice is filed and served within ten (10) days after the service of the Fee Notice, the Debtor will pay to the Firm the amount of fees and costs represented by that monthly

invoice without further notice, hearing, or order of the Court. If a written objection to the Firm's Fee Notice is filed by a party-in-interest, the objecting party and the Firm will attempt to resolve such objection consensually. If such objection cannot be resolved consensually, no payment of the disputed amount of the Fee Notice will be paid to the Firm until the objection has been resolved by the Court. Any failure to serve timely an objection to a Fee Notice will be deemed to be a waiver of any objection to the payment of the fees and costs requested by such Fee Notice, but will <u>not</u> be deemed to be a waiver of any objection to the allowance by the Court of such fees and costs.

10. In the event the Firm seeks payment from the bankruptcy estate, the Firm intends to apply to this Court for compensation in conformity with Bankruptcy Code §§ 328, 330, and 331 and understands that its compensation will be subject to the approval of the Court.

11. To the best of Debtor's knowledge neither the Firm nor any of the attorneys comprising or employed by it, have any connection with Debtor, Debtor's accountant, Debtor's creditors, any other party in interest, or their respective attorneys or accountants.

12. The Firm is a disinterested person within the meaning of 11 U.S.C. § 101(14). Furthermore, the Firm does not have an interest adverse to Debtor's estate in accordance with 11 U.S.C. §327.

13. None of the attorneys comprising or employed by the Firm is related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed in the Office of the United States Trustee.

14. Debtor believes that its employment of the Firm on the terms and conditions set forth above is in the best interests of its estate.

15. Immediately below is a list of the professionals employed by the Firm and their current hourly rates:

8

| Professionals | Hourly Rate |
|---|---|
| Robert P. Goe | $350.00 |
| Marc C. Forsythe | $350.00 |

Associates

| | |
|---|---|
| Elizabeth A. LaRocque | $275.00 |

Legal Assistants

| | |
|---|---|
| Bill Goletz | $140.00 |
| Michelle Friis | $140.00 |
| Kerry A. Murphy | $140.00 |

Law Clerks

| | |
|---|---|
| Jon Alvanos | $75.00 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 28, 2010          By: /s/Robert P. Goe
                                        Robert P. Goe

COMMENTS OF THE OFFICE OF THE UNITED STATES TRUSTEE

| | |
|---|---|
| | THE UNITED STATES TRUSTEE TAKES NO POSITION |
| | THE UNITES STATES TRUSTEE HAS NO OBJECTION |
| | THE UNITED STATES TRUSTEE OBJECTS AND REQUESTS A HEARING. |
| | AN OBJECTION IS RAISED AS SET FORTH BELOW. |

COMMENTS:

DATED: _____

                OFFICE OF THE U. S. TRUSTEE

By: _____

Name: _____

Case Name: **RAFIK YOUSSEF KAMELL**
Case No. **8:10-bk-15501-TA**
Name of Document: **APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY GOE & FORSYTHE, LLP, AS CHAPTER 11 GENERAL BANKRUPTCY COUNSEL**

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 18101 Von Karman Avenue, Suite 510, Irvine, CA 92612.

A true and correct copy of the foregoing document described **APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION FOR AUTHORITY TO EMPLOY GOE & FORSYTHE, LLP, AS CHAPTER 11 GENERAL BANKRUPTCY COUNSEL; DECLARATION OF ROBERT P. GOE IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 29, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Christopher M McDermott    ecfcacb@piteduncan.com
- Ramesh Singh    claims@recoverycorp.com
- Eric J Testan    ecfcacb@piteduncan.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐    Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On September 29, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 29, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

The Honorable Theodor C. Albert, USBC, 411 West Fourth Street, Santa Ana, CA (hand delivered)

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 29, 2010 | Kerry A. Murphy | /s/Kerry A. Murphy |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**GOE & FORSYTHE LLP**
18101 Von Karman Ave., #510
Irvine< CA 92612

1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                                                **F 9013-3.1**